**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2088
_____

JULES NGAMBO,
                    Appellant


v.

DOUGLAS CHRISTOPHER; MARK FIERRO;
DAVID T. PFUND; VILLAGE OF RIDGEWOOD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-03078)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2021
Before:  AMBRO, PORTER, and SCIRICA, Circuit Judges

(Opinion filed: March 5, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jules Ngambo, proceeding pro se, appeals from an order of the District Court[1] dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. For the following reasons, we will affirm the District Court's judgment.

Ngambo's complaint appeared to allege constitutional violations stemming from his conviction for traffic citations issued in July 2019 by defendant Douglas Christopher, an officer with the Ridgewood Police Department. Also named as defendants were Ridgewood Village Municipal Court Judge David T. Pfund, who found Ngambo guilty of the citations and imposed a fine; Mark Fierro, the prosecutor in the matter; and the Village of Ridgewood. Ngambo alleged that the defendants operated a "revenue scheme" for their own benefit "amounting to an extortion racket." ECF No. 2 at 2-3. According to the complaint, Christopher "arrested [Ngambo] without probable cause," and the Court lacked jurisdiction to convict him absent evidence, including "Oaths of Office and Surety Bonds," that defendants Pfund, Fierro, and Christopher were "duly authorized to occupy public office." Ngambo sought an order vacating the Municipal Court's judgment based on "trial court errors" and awarding damages "in excess of $5,469,800" for alleged violations including, inter alia, "unlawful detain/arrest," conspiracy to commit fraud, and violations of due process.

The District Court sua sponte dismissed the complaint without prejudice and with leave to amend for failure to state a claim for relief, see 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure to comply with Fed. R. Civ. P. 8(a). The District Court described the

---

[1] The complaint was filed on March 10, 2020, in the Southern District of New York, and was transferred to the District Court for the District of New Jersey.

2

complaint as "an extremely disjointed collection of allegations" and noted that Ngambo sought relief for "a laundry list of alleged civil rights violations," including wrongful arrest. ECF No. 5 at 1-2. It determined that the complaint failed to allege "a coherent account of the factual basis for his claims or the legal basis for the same." Id. at 2. In particular, the District Court noted that it was unclear whether Ngambo had in fact been arrested.

Ngambo filed an amended complaint, which incorporated the first complaint, set forth in full 42 U.S.C. § 1983, and alleged generally that he was "deprived of [ ] Judicial Review" because the "Officers of the Court" had a "pecuniary interest in the outcome of the proceedings," and there was no evidence in the record that they acted in an "[o]fficial [c]apacity." ECF No. 6. The District Court determined that the amended complaint failed to cure the deficiencies of the first and dismissed the matter with prejudice. This appeal ensued.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. To the extent the District Court dismissed the complaint for failure to state a claim pursuant to § 1915(e)(2)(ii), we exercise plenary review, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and to the extent its dismissal was for failure to comply with Rule 8, we review for abuse of discretion, see In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint "must not be 'so undeveloped that it does not provide a

3

defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'"

Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Upon review, we agree with the District Court that Ngambo failed to state a claim upon which relief can be granted. It is difficult to discern the actual claims Ngambo was attempting to assert against the defendants. The initial complaint was replete with conclusory allegations that defendants conspired to deprive him of his constitutional rights. The District Court afforded Ngambo the opportunity to provide a more definite statement and to avoid dismissal on this ground, but his amended complaint fared no better. To the extent that Ngambo sought to assert a claim against Christopher for false arrest, beyond the non-sensical allegation that the officer failed to respond to "a Notice of Inquiry and/or Report of Detainment and Billing Notice" during the arrest, he failed to allege any facts to support the conclusion that Christopher lacked probable cause to arrest and detain him. ECF No. 2 at 3-4. Additionally, even if we were to conclude that Ngambo's claims against the other defendants passed muster under Rule 8, his complaint would nonetheless be subject to dismissal pursuant to the doctrines of judicial and prosecutorial immunity, see Stump v. Sparkman, 435 U.S. 349 (1978), and Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and based on the fact that liability under § 1983 cannot be predicated solely on a respondeat superior theory, see Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).[2]

---

[2] To the extent that Ngambo alleged that Judge Pfund's action were taken in the absence of jurisdiction or that the Village of Ridgewood failed to properly train and supervise its

4

Accordingly, the judgment of the District Court will be affirmed.

---

employees, the claims were wholly unsupported by any factual allegations.  See Stump, 435 U.S. at 356-57 (holding that a judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction"); City of Canton v. Harris, 489 U.S. 378, 388, 391 (1989) (recognizing that a governmental entity's failure to properly train or supervise may serve as the basis for § 1983 liability only where that failure reflects a deliberate indifference to the rights of citizens and is closely related to the ultimate injury suffered).